The People of the State of New York ex rel. John D. Rockefeller, Jr., Appellant, v. John F. Carney, as Mayor, Michael J. Coffey and Others, Constituting the Board of Trustees of the Village of North Tarrytown, and Bernard H. Foley, as Assessor of the Village of North Tarrytown, and Edward C. V. Cassell, as Village Clerk of the Village of North Tarrytown, Respondents.— The relator brought a proceeding by certiorari to review certain assessments in the village of North Tarrytown on the ground that there was overvaluation of the property and inequality as compared with other properties assessed. The matter was referred to a referee, who held hearings and made findings specific in their nature as to overvaluation of different parcels and the amount of reductions allowed. He also made findings that there was inequality of the assessments to the extent of ten per cent, and that the relator had been injured by the assessments

to the extent found.  However, he did not make the computations or make specific directions as to the reduction thereof.  The matter was brought on before Special Term for confirmation, with particular reference to the question of inequality. The court at Special Term wrote an opinion confirming the findings of the referee in respect to overvaluation, but in effect declining to take up the question of inequality for the reason that the referee had made no deduction for that inequality. The relator then made a motion for reargument, for a review of the evidence of inequality and for confirmation of the referee's findings on that subject, or, if necessary, to recommit the referee's report for the purpose of having him make such further findings of fact as might be required, with the entry of such further report *nunc pro tunc*.  This motion was denied.  In our view, this order, which was practically one for reargument, is not appealable, and the appeal must be dismissed.  It was unnecessary to recommit the matter to the referee, for his findings were sufficient to warrant a reduction of ten per cent on the basis of inequality if the evidence supported his findings.  It presented merely a question of computation which the court could have disposed of readily at Special Term if the evidence warranted the reduction.  This court can determine that question only on an appeal from the final order, which, it seems, has not yet been entered.  That, of course, would involve a large and unnecessary expense, unless the respondents likewise deem themselves aggrieved.  We suggest that the relator apply again at Special Term for a reconsideration of the question of inequality, which the court is competent to determine and provide for in the final order.  Appeal dismissed, without costs.  Hagarty, Davis, Adel, Taylor and Close, JJ., concur.